1

2

UNITED STATES DISTRICT COURT

3

DISTRICT OF NEVADA

4

SAID ELMAJZOUB,

Case No. 3:15-cv-00624-ART-CSD

5

Petitioner,

REOPENING ORDER

6

v.

7

QUENTIN BYRNE, et al.,

8

Respondents.

9        Petitioner Said Elmajzoub initiated this federal habeas action on December

10   28, 2015. (ECF No. 1.) On December 21, 2020, this Court granted Elmajzoub's

11   unopposed motion for a stay and administratively closed this case. (ECF No. 38.)

12   This Court instructed Elmajzoub to move "to reopen [this case] within forty-five

13   (45) days of issuance of the remittitur by the Nevada Supreme Court at the

14   conclusion of the state-court proceedings." (*Id.*) Elmajzoub has now moved to

15   reopen this case, explaining that the Nevada Supreme Court's remittitur was

16   issued on May 8, 2025. (ECF No. 55.)

17        It is therefore ordered that the motion to reopen (ECF No. 55) is granted.

18        It is further kindly ordered that the Clerk reopen this matter and lift the

19   stay.

20        It is further ordered that Elmajzoub has 90 days from entry of this Order

21   within which to file an amended petition and/or seek other appropriate relief.

22   Neither the foregoing deadline nor any extension thereof signifies or will signify

23   any implied finding as to the expiration of the federal limitation period and/or of

24   a basis for tolling during the time period established. Elmajzoub remains

25   responsible for calculating the running of the federal limitation period and timely

26   asserting claims, without regard to any deadlines established or extensions

27   granted herein. That is, by setting a deadline to amend the petition and/or by

28   granting any extension thereof, the Court makes no finding or representation that

1

1    the petition, any amendments thereto, and/or any claims contained therein are
2    not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th
3    Cir. 2013).

4        It is further ordered that Respondents shall file a response to the amended
5    petition, including potentially by motion to dismiss, within 60 days of service of
6    an amended petition and that Elmajzoub may file a reply thereto within 30 days
7    of service of the answer. The response and reply time to any motion filed by either
8    party, including a motion filed in lieu of a pleading, shall be governed instead by
9    Local Rule LR 7-2(b).

10       It is further ordered that any procedural defenses raised by Respondents
11   to the counseled amended petition shall be raised together in a single
12   consolidated motion to dismiss. In other words, the Court does not wish to
13   address any procedural defenses raised herein either in seriatum fashion in
14   multiple successive motions to dismiss or embedded in the answer. Procedural
15   defenses omitted from such motion to dismiss will be subject to potential
16   waiver. Respondents shall not file a response in this case that consolidates their
17   procedural defenses, if any, with their response on the merits, except pursuant
18   to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If
19   Respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they
20   shall do so within the single motion to dismiss not in the answer; and (b) they
21   shall specifically direct their argument to the standard for dismissal under §
22   2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In
23   short, no procedural defenses, including exhaustion, shall be included with the
24   merits in an answer. All procedural defenses, including exhaustion, instead must
25   be raised by motion to dismiss.

26       It is further ordered that, in any answer filed on the merits, Respondents
27   shall specifically cite to and address the applicable state court written decision
28   and state court record materials, if any, regarding each claim within the response

2

as to that claim.

It is further ordered that any state court record and related exhibits filed herein by either Elmajzoub or Respondents shall be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further shall be identified by the number or numbers of the exhibits in the attachment. If the exhibits filed will span more than one ECF number in the record, the first document under each successive ECF number shall be either another copy of the index, a volume cover page, or some other document serving as a filler, so that each exhibit under the ECF number thereafter will be listed under an attachment number (i.e., attachment 1, 2, etc.).

It is further ordered that courtesy copies of exhibits shall <u>not</u> be provided.

DATED THIS 27th day of June 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE